

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

SANDRA WATERS-LEVY

        Plaintiff,

v.                                       Civil Action No. _1:11cv1192 GBL/IDD_

LAW OFFICES OF SHAPIRO & BURSON, LLP,

        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action seeking damages arising from Defendant's unlawful attempts to collect a delinquent home mortgage debt alleged owed by Ms. Waters-Levy and to foreclose on the subject Deed of Trust.  Ms. Waters-Levy alleges that Defendant, a debt collection law firm, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. ("FDCPA") by, among other things, failing to inform Ms. Waters-Levy that in order to obtain validation of the alleged debt and/or the name and address of the original creditor that she had to do so "in writing," and by making false statements in connection with the debt in violation of 15 U.S.C. §1692e and g(a)(4) and (5).

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.      Plaintiff Sandra Waters-Levy ("Ms. Waters-Levy") is a natural person who resides in Virginia. Ms. Waters-Levy is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Law Offices of Shapiro & Burson, LLP ("Shapiro & Burson") is a law firm with offices in Fairfax and Virginia Beach, the principal purpose of whose businesses is the collection of debts, and is located at 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462.

5.      Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

6.      Ms. Waters-Levy borrowed $385,600.00 in order to finance her mortgage, as evidence by a promissory note ("Note"), dated April 27, 2007. The Note was payable to National City Mortgage, a division of National City Bank.

7.      The Note was secured by a Deed of Trust dated April 27, 2007 and recorded in the Clerk's Office of Circuit Court of the County of Fairfax, Virginia. Ms. Waters-Levy's Note and Deed of Trust obligated her to repay National City Mortgage, a division of National City Bank.

2

8.     Upon information and belief, at the time of origination of the loan, Federal National Mortgage Association ("Fannie Mae") had a contractual agreement to purchase loans originated by National City Mortgage.

9.     Upon information and belief, Fannie Mae purchased Ms. Waters-Levy's loan subsequent to the origination through the above-described contractual agreement with National City Mortgage.

10.    A copy of the Fannie Mae "Loan Look-up Tool" for Ms. Waters-Levy's property from November 2010 is attached hereto as EXHIBIT A.

11.    In accordance with the Deed of Trust, Fannie Mae was under no obligation to provide and provided no documentation of the sale to Ms. Waters-Levy.

12.    Ms. Waters-Levy's loan was serviced by Green Tree Servicing, LLC ("Green Tree"). As a servicer Green Tree acted on behalf of the owner of the loan to conduct certain customary serving functions, such as to collect and record payments, communicate with the homeowner, and assess late fees.

13.    Ms. Waters-Levy regularly made her payments to Green Tree until she began to experience financial difficulties due to the declining economy.

14.    In late 2009, Ms. Waters-Levy contacted her mortgage servicer, Green Tree, in an effort to pursue loss mitigation options.

### *Shapiro & Burson is a Debt Collector*

15.    Defendant Shapiro & Burson is a law firm whose practice is focused on the collection of debts.

16.    Defendant regularly collects home loan debts.

3

17.     Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

18.     Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

19.     Defendant regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

20.     Defendant sent Ms. Waters-Levy a November 3, 2010 dunning letter,[1] which stated that the Defendant had been instructed to initiate foreclosure proceedings on Ms. Waters-Levy's home. A copy of the November 3, 2010 correspondence is attached hereto as EXHIBIT B.

21.     The debt, a home loan, was incurred primarily for personal, family, or household purposes, within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

22.     At the time of this initial communication, Ms. Waters-Levy was in default on her mortgage loan.

23.     The November 3, 2010 correspondence stated the following information was provided as required by the Federal Fair Debt Collections Practices Act:

---

[1] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *Bicking v. Law Offices of Rubenstein and Cogan*, ___ F. Supp. 2d at ___, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 *2, n. 1 (E.D. Va. 2011).

NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. Section 1692, *et. seq.*

.... The following information is provided to you as required by the Federal Fair Debt
Collections Practices Act:

1. As of November 2, 2010, our client has advised us that the amount of the
debt is $386,589.78.

2. The creditor to whom the debt is owed is <u>Green Tree Servicing, LLC</u>.

3. The Fair Debt Collection Practices Act entitles you to dispute the debt, or
any portion thereof, within thirty (30) days of your receipt of this letter.
The law also entitles you to request that we provide you the name of the
original creditor if the original creditor is different from the current
creditor, our client <u>Green Tree Servicing, LLC</u>. If you choose to dispute
the debt, or any portion thereof, or if you choose to request the name of
the original creditor, you must notify us within thirty (30) days of the date
you receive this letter. Unless you dispute the validity of the debt within
thirty (30) days after receipt of this notice, the debt will be assumed to be
valid by this firm.

4. If you notify us within thirty (30) days of the date you receive this letter
that you are disputing the debt, or any portion thereof, or if you notify us
within thirty (30) days of the date you receive this letter that you want to
know the name of the original creditor if that creditor is different from, our
client, <u>Green Tree Servicing, LLC</u>, then we will obtain and mail to you
verification of the debt and/or the name and address of the original
creditor.

5. The Fair Debt Collection Practices Act does not require that we wait until
thirty (30) days from the date that you receive this letter before we initiate
foreclosure proceedings to foreclose on your mortgage. In the event we do
initiate foreclosure proceedings to foreclose on your mortgage, within
thirty (30) days from the date you receive this letter, you still retain the
right to dispute the debt, or any portion thereof, and you also retain the
right to request the name of the original creditor if the original creditor is
different from the current creditor, <u>Green Tree Servicing, LLC</u>.

Because of interest, late charges, and other charges that may vary from
day to day, the amount due on the day you pay may be greater. Hence, *if
you pay the amount shown above, an adjustment may be necessary after
we receive your check, in which event we will inform you before
depositing the check for collection.* For further information, call (757)
687-8777. (Emphasis added)

Any requests should be addressed to:

Fair Debt Attorney
Shapiro & Burson, LLP
(757) 687-8777

24.     The text of the notice requirement set forth in the FDCPA, at 15 U.S.C. § 1692g,

reads as follows:

### Notice of debt; contents

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1)     the amount of the debt;
    (2)     the name of the creditor to whom the debt is owed;
    (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### Disputed debts

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

25.     The notice by which the Defendant purports to make the required disclosures is defective in various respects.

26.     Contradictions exist between Defendant's Notice and the actual disclosure language of the validation notice required by 15 U.S.C. § 1692g.

27.     The contradictions could confuse or mislead the least sophisticated consumer into disregarding or losing his rights under the validation notice. As Judge Spencer has stated, a notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997). (As a consequence finding that the validation notice at issue violated § 1692g as a matter of law and granting summary judgment for the consumer on that issue.)

28.     In order to trigger the debt collector's duty to provide verification of the debt, the consumer must dispute the debt *in writing,* as set forth in the Act as follows:

§ 1692g.     **Validation of debts**

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
...
(4)     a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5)     a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added)

7

29.     Additionally, § 1692g(b) requires the debt collector to disclose that in the

event of a timely *written* validation request to cease collection of the debt or the disputed

portion until the requested verification or identity of the original creditor is mailed to the

consumer, set forth as follows:

*Disputed debts*

>     (b) Disputed debts. If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(Emphasis added)

30.     Defendant's purported thirty day validation notice disclosure omits any reference

to the in writing requirement.

31.     Paragraphs 3 and 4 of Defendant's purported thirty day validation notice

disclosure omit any reference to the in writing requirement.

32.     In Paragraph 4, Defendant purports to notify Ms. Waters-Levy that she would

"still retain the right to dispute the debt, or any portion thereof, and you also retain the right to

request the name of the original creditor if the original creditor is different from our client, Green

Tree Servicing, LLC."

8

33.    However, Paragraph 4 does not state that Ms. Waters-Levy would have to dispute the debt *in writing* in order to trigger her right to obtain verification of the debt or to obtain from Defendant the name and address of the creditor if different from the current creditor.

34.    With respect to the failure to notify the consumer of the § 1692g(a)(4) and (5) writing requirement, Judge Merhige put it this way:

> the collection letter instructed (the consumer) to either "contact" the debt collection agency or make payment in full. There is no indication anywhere in the letter whether such "contact" must be in writing or by telephone. Pursuant to § 1692g, however, if a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b).
>
> *Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997).

35.    More recently, Judge Hudson repeated this principle as follows:

> Where the debt collector fails to advise that the debtor's requests under subsections (a)(4) and (5) must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of her.
>
> The fact that [the plaintiff] may have disputed her debt in writing does not alter this Court's conclusion. Indeed, because the FDCPA is a strict liability statute, evidence of actual deception is unnecessary. Whether the debt collector's letter complies with the statute is determined objectively; the inquiry is whether an unsophisticated consumer or debtor would be confused by the contents of the letter.
>
> Nor does it matter whether Defendants would have honored an oral request. A debt collector's statutory duty to verify the debt does not arise unless and until the debtor disputes the debt in writing. Absent some mention of the "in writing" requirement, the least sophisticated debtor may very well dispute the debt only orally, and therefore never trigger the collector's duty to verify the debt. Plaintiff have clearly stated a claim under Sections 1692g(a)(4) and (5) of the FDCPA.
>
> For similar reasons, Plaintiff have also stated a claim under *Section 1692e(10)*.
>
> ...

9

> As explained above, Defendants' failure to include the "in writing" requirement could easily deceive the least sophisticated debtor into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his or her rights under subsections (a)(4) and (5) of *Section 1692g*. The alleged violations of *Sections 1692g(a)(4) and (5)* therefore also state a claim under *§ 1692e(10)*.
>
> *Bicking v. Law Offices of Rubenstein and Cogan*, _ F. Supp. 2d at _, 2011 WL 1740156, *4-5, 2011 U.S. Dist. Lexis 48623, *9-11 (E.D. Va. 2011) (internal quotations and citations omitted).

36.     Defendant makes no reference to the writing requirement in Paragraphs 3 and 4 of the Notice, or anywhere else in the Notice.

37.     Further, Defendant does not provide a mailing address and instead instructs Ms. Waters-Levy to address her requests to a phone number.

38.     A notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997), citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996).

39.     In addition to these defects, the November 3, 2010 dunning letter does not disclose the name of the creditor to whom the debt is owed, as is required by 15 U.S.C. § 1692g(a)(1). ). See, e.g., *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp. 293, 3001-01 (E.D.N.Y. 2005).

40.     The November 3, 2010 dunning letter states, falsely, that the creditor to whom the debt is owed is Green Tree Servicing, LLC ("Green Tree").

41.     Green Tree is not the creditor to whom the debt is owed.

42.     Green Tree was not the creditor to whom the debt was owed on November 3, 2010.

43. Green Tree has never been the creditor to whom the debt was owed.

*Defendant States the Note is Lost, Misplaced or Destroyed*

44. In the same correspondence to Ms. Waters-Levy dated, November 3, 2010,

(EXHIBIT B), Defendant stated that Green Tree is the referenced deed of trust beneficiary of

Ms. Waters-Levy's mortgage loan.

45. This is a false statement.

46. Green Tree was never the beneficiary under Ms. Waters-Levy's mortgage loan.

47. Green Tree never had the authority to enforce the note.

48. The November 3, 2010 correspondence included the following statement:

Unless the box located immediately below is checked, the following paragraph
applies:



On behalf of the referenced deed of trust beneficiary, you are hereby notified that
the promissory note or other evidence of indebtedness secured by the deed of trust
on the subject property is unavailable at this time.

49. Upon information and belief, the original note evidencing Ms. Waters-Levy's

indebtedness was not unavailable as it had not been lost, misplaced or destroyed, making

Defendant's representation false.

50. With respect to the "evidence of the indebtedness" referenced above, Va. Code §

55-59.1 provides in pertinent part the following:

§ 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note
lost.

...

B. If a note or other evidence of indebtedness secured by a deed of trust is
lost or for any reason cannot be produced and the beneficiary submits to
the trustee an affidavit to that effect, the trustee may nonetheless proceed
to sale, provided the beneficiary has given written notice to the person

> required to pay the instrument that the instrument is unavailable and a
> request for sale will be made of the trustee upon expiration of 14 days
> from the date of mailing of the notice. The notice shall be sent by certified
> mail, return receipt requested, to the last known address of the person
> required to pay the instrument as reflected in the records of the beneficiary
> and shall include the name and mailing address of the trustee.

51.     Upon information and belief, the beneficiary of the note had not submitted to the

trustee an affidavit to the effect that the note or other evidence of indebtedness secured by the

subject deed of trust is lost or for any reason could not have been produced.

52.     That is, Green Tree[2], had not submitted to Defendant an affidavit to the effect that

the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any

reason could not have been produced.

53.     Further, upon request by Ms. Waters-Levy, through counsel, the Defendant

provided Ms. Waters-Levy with a copy of the Note.

54.     Defendant's November 3, 2010 letter further advised Ms. Waters-Levy that

Defendant was a communication from a debt collector.

55.     As a result of the acts and omissions of the Defendant, Ms. Waters-Levy has

suffered actual damages and injury, including but not limited to, emotional distress, mental

anguish, and suffering.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692g

56.     The foregoing allegations of the Complaint are incorporated by reference.

57.     By failing to inform Plaintiff that in order to obtain validation of the alleged debt

and/or the name and address of the original creditor, or to obtain the right to have the debt

collector cease collection of the debt, or any disputed portion thereof, the request must be "in

---

[2] Ms. Waters-Levy does not concede that the actual beneficiary was Green Tree.

writing," Defendant violated 15 U.S.C. § 1692g. *Bicking v. Law Offices of Rubenstein and Cogan*, __ F. Supp. 2d at __, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 (E.D. Va. 2011).

58.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

## Count II: Violations of the FDCPA, 15 U.S.C. § 1692e

59.     Paragraphs 1 through 58 of the Complaint are incorporated by reference.

60.     By failing to inform Plaintiff that in order to obtain validation of the alleged debt and/or the name and address of the original creditor, or to obtain the right to have the debt collector cease collection of the debt, or any disputed portion thereof, the request must be "in writing," Defendant violated 15 U.S.C. § 1692e. *Bicking v. Law Offices of Rubenstein and Cogan*, __ F. Supp. 2d at __, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 (E.D. Va. 2011).

61.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

## Count III: Violations of the FDCPA, 15 U.S.C. § 1692g

62.     Paragraphs 1 through 61 of the Complaint are incorporated by reference.

63.     By failing to disclose in the November 3, 2010 letter the name of the creditor to whom the debt was owed, Defendant violated 15 U.S.C. § 1692g(a)(2).

64.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

## Count IV: Violations of the FDCPA, 15 U.S.C. § 1692e

65.     Paragraphs 1 through 64 of the Complaint are incorporated by reference.

66.     By falsely stating in the November 3, 2010 letter that the note had been lost, misplaced or destroyed, Defendant violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

67.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count V: Violations of the FDCPA, 15 U.S.C. § 1692e

68.     Paragraphs 1 through 67 of the Complaint are incorporated by reference.

69.     By falsely stating in the November 3, 2010 correspondence that Green Tree was the beneficiary under the subject deed of trust, Defendant violated 15 U.S.C. § 1692e, e(2)(A), and/or e(10).

70.     As a result, Plaintiff are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff request that the Court grant the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff statutory damages;

3.      Award Plaintiff reasonable attorney's fees;

4.      Award Plaintiff costs;

5.      Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Sandra Waters-Levy
By Counsel

By: Kristi C. Kelly, Esq., VSB #72791
Scott A. Surovell, Esq., VSB # 40278
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

ssurovell@siplfirm.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB # 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile
lenbennett@clalegal.com
srotkis@clalegal.com

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile
matt@clalegal.com

Counsel for Plaintiff