**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **SANDRA WATERS-LEVY**, | * |
| | * |
| Plaintiff, | * |
| v. | * Civil Action No: 1:11-cv-1192 |
| | * |
| **LAW OFFICES OF** | * |
| **SHAPIRO & BURSON, LLP** | * |
| | * |
| Defendants. | * |

**S&B'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS COUNTS III, IV, and V OF THE COMPLAINT**

Defendant Shapiro & Burson, LLP ("S&B") hereby submits its memorandum in support of its motion to dismiss Counts III, IV, and IV of the Complaint filed by Plaintiff, Sandra Waters-Levy, ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, states as follows:

INTRODUCTION AND BACKGROUND

S&B is a law firm. Compl. at ¶4. The present action involves five separate claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., against the law firm of Shapiro & Burson, LLP, in connection with a pre-foreclosure notices to the Plaintiff. This motion to dismiss addresses only Counts III, IV, and V:

The core of Count III asserts that S&B failed to disclose the name of the creditor to whom the debt was owed, and therefore violated 15 U.S.C. §1692(g)(a)(2). Compl. at ¶63. To that end, Plaintiff claims S&B violated the statute because it informed her that the creditor was Green Tree Servicing LLC ("Green Tree"), Compl. at ¶40. According to Plaintiff, because Green Tree is her loan servicer, Compl. at ¶12, and because her loan was owned by Fannie Mae, Compl. at ¶10 and Ex. A, Plaintiff claims that the notice she received from S&B was

false.  Compl. at ¶45.

Count VI asserts a violation under 15 U.S.C. §1692e, because she claims that S&B advised her that the original promissory note was "<u>un</u>available" as of November 3, 2010. Compl. at ¶66 (emphasis added).  Plaintiff infers that the original promissory note was in fact available, and that such representation was therefore false.  Compl. at ¶49.

Finally, Count V alleges that S&B 15 U.S.C. §1692e "falsely" stated that Green Tree was the beneficiary of the subject deed of trust, and therefore violated 15 U.S.C. §1692e. However, Plaintiff ignores that months earlier, an assignment of the deed of trust was recorded in the land records of Fairfax County, Virginia.   A copy of the assignment is attached hereto as Exhibit A, which is dated February 22, 2010, in favor of Green Tree Servicing LLC was recorded on March 26, 2010, at Deed Book Page 20971, Page 1906 in the land records of Fairfax County, Virginia.[2]  As to these counts, under the facts alleged and for the reasons that follow, the Complaint must be dismissed.

## STANDARD OF REVIEW

A complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Although the Court must accept well-pled allegations in

---

[2] In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice.  See Witthohn v. Fed. Ins. Co., 164 Fed. Appx. 395, 396-397 (4th Cir. W. Va. 2006) ("[T]here are exceptions to the rule that a court may not consider [in determining a motion to dismiss] any documents outside of the complaint. Specifically, a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed.") (citing Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995); Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

Plaintiffs' Complaint as true, it is not required to accept conclusory factual allegations, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), and cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Orcilla v. Bank of Am., N.A., 2011 U.S. Dist. Lexis 46639, 4-5 (N.D. Cal. Apr. 25, 2011) (quoting Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). Nor is the Court required to consider unsupported legal conclusions or legal conclusions disguised as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); Papasan v. Allain, 478 U.S. 265, 286 (1986); Schweikert v. Bank of America, 521 F.3d 285, 288 (4th Cir. 2008); Eastern Shore Markets v. J.D. Associates LTD, 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. 662, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). But "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. at 558 (citation omitted).

DISCUSSION

**I. Green Tree is the holder, loan servicer, and beneficiary of the loan, and therefore constitutes the creditor to whom the debt is owed.**

The gravamen of the Plaintiff's challenge to the notices received by S&B rests upon a faulty premise. Although Plaintiff admits that Green Tree is her loan servicer, she claims that because Fannie Mae owns the loan, Green Tree was not properly identified as her creditor, because she claims that "Green Tree never had the authority to enforce the note." Compl. at ¶46. To the extent that Plaintiff infers that Fannie Mae as owner should have been designated as her creditor, such contention is contradicted by Virginia law, and Fannie Mae's own publicly available servicing statements.

Indeed, Plaintiff confuses the distinction between an owner of a note or underlying debt, versus its holder. Under the Commercial Code, a party entitled to enforce the note need not be the owner of the underlying debt. The comments to the Commercial Code explain that: "[t]he right to enforce an instrument and ownership of the instrument are two different concepts. . . . Ownership rights in instruments may be determined by the principles of the law of property, independent of Title 3, which do not depend upon whether the instrument was transferred under Section 3-203." Virginia Code, §8.3A-203, Official Comment 1. Under Virginia Code §8.3A-301, the right to enforce a promissory note inures to its holder, not its owner.[3]

---

[3] Indeed, the Commercial Code limits a borrower's ability to assert that a third-party has a claim to an instrument. Notably, Virginia Code §8.3A-305(c) provides:

> [I]n an action to enforce the obligation of a party to pay the instrument, the obligor may not assert against the person entitled to enforce the instrument a defense, claim in recoupment, or claim to the instrument (§ 8.3A-306) of another person, but the other person's claim to the instrument may be asserted by the

Thus, in a foreclosure challenge under Virginia law, the United States Court of Appeals for the Fourth Circuit explained that "[n]egotiable instruments like mortgage notes that are endorsed in blank may be freely transferred. And once transferred, the old adage about possession being nine-tenths of the law is, if anything, an understatement. Whoever possesses an instrument endorsed in blank has full power to enforce it." Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 621 (4th Cir. 2011); see also Bolouri v. Bank of America, N.A. et al., No. 1:10-cv-00225-LO-TCB (E.D. Va. August 24, 2010) aff'd per curiam at Appeal No. 10-2069 (4th Cir August 11, 2011).

Moreover, Virginia law recognizes that the deed of trust secures repayment of the note. See Va. Code §55-59(1) ("The deed [of trust] shall be construed as given to secure the performance of each of the covenants entered into by the grantor as well as the payment of the primary obligation."). Indeed, Virginia Code §55-59(9) specifically authorizes either the beneficiary or noteholder, or holder of a majority interest in a note, to appoint a substitute trustee on the deed of trust securing such debt.

Specifically, that statute provides:

> The party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby, shall have the right and power to appoint a substitute trustee or trustees for any reason and, regardless of whether such right and power is expressly granted in such deed of trust, by executing and acknowledging an instrument designating and appointing a substitute. When the instrument of appointment has been executed, the substitute trustee or trustees named therein shall be

---

> obligor if the other person is joined in the action and personally asserts the claim against the person entitled to enforce the instrument. . . .

Va. Code §8.3A-305(c); see also Va. Code §55-59.1(B).

5

> vested with all the powers, rights, authority and duties vested in the trustee or trustees in the original deed of trust. . . .
> .

Va. Code §55-59(9).

To the extent that Plaintiff suggest that the owner of the loan must initiate the foreclosure, rather than the noteholder or loan servicer, such distinction has been and must be rejected. Indeed, this Court has also determined that loan servicers alone have the authority to foreclose on property that secured the loans that they service on behalf of the holder. See Larota-Florez v. Goldman Sachs Mortgage Co., 719 F.Supp 2d 636, 640-41 (E.D. Va. 2010), aff'd per curium at Appeal No. 10-1523 (4th Cir. July 28, 2011) ("As servicer, Litton has the right to collect payments on behalf of the holder and the right to foreclose upon default. Therefore, Litton's appointment of Professional as substitute trustee under the Deed of Trust was authorized as a matter of contract and agency law.") (emphasis added); cf. Sprint Communs. Co., L.P. v. APCC Servs., 554 U.S. 269, 271 (2008) ("assignee of a legal claim for money owed has standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor," and noting that "operators assigned their claims lock, stock, and barrel, and precedent makes clear that an assignee can sue based on his assignor's injuries.").

And the Deed of Trust itself confirms that the owner has no right to collect payment. See Exhibit B. Specifically, Section 20 of the Deed of Trust provides that "[A] sale [of the Note] might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Agreement, and Applicable Law. . . . If the Note is sold and thereafter the Loan is servicer by a Loan Servicer other that the

purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser." Id. at p. 12, §20. Here, there is no allegation that Fannie Mae assumed any of the loan servicing obligations, and the mere sale of the Note does not affect the servicing of the loan, including the ability of the servicer to prosecute a foreclosure.[4]

Indeed, Fannie Mae itself designates its servicers as holders of the loan. Announcement 08-12 dated May 23, 2008, attached as Exhibit C, from the Federal National Mortgage Association ("Fannie Mae") confirms that for Fannie Mae loans, Fannie Mae is at all times the owner of the mortgage note. See id. p. 1 ("Fannie Mae is at all times the owner of the mortgage note, . . ."); accord Fannie Mae 2011 Servicing Guide, Part I §202.07.01.

The Announcement also confirms that upon commencement of the foreclosure representation, the servicer is entitled to enforce the note as servicer in its own name, and that temporary transfer of possession of such note occurs automatically and immediately. Specifically, page 2 of Announcement 08-12 explains:

---

[4] Indeed, the Commercial Code limits a borrower's ability to assert that a third-party has a claim to an instrument. Notably, Virginia Code §8.3A-305(c) provides:

> [I]n an action to enforce the obligation of a party to pay the instrument, the obligor may not assert against the person entitled to enforce the instrument a defense, claim in recoupment, or claim to the instrument (§ 8.3A-306) of another person, but the other person's claim to the instrument may be asserted by the obligor if the other person is joined in the action and personally asserts the claim against the person entitled to enforce the instrument. . . .

Va. Code §8.3A-305(c); see also Va. Code §55-59.1(B).

> In order to ensure that a servicer is able to perform the services and duties incident to the servicing of the mortgage loan, Fannie Mae temporarily gives the servicer possession of the mortgage note whenever the servicer, acting in its own name, represents the interests of Fannie Mae in foreclosure actions, bankruptcy cases, probate proceedings, or other legal proceedings.
>
> This temporary transfer of possession occurs automatically and immediately upon the commencement of the servicer's representation, in its name, of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding.
>
> When Fannie Mae transfers possession, the servicer becomes the holder of the note as follows:
>
> • If a note is held at Fannie Mae's DDC, Fannie Mae has possession of the note on behalf of the servicer so that the servicer has constructive possession of the note and the servicer shall be the holder of the note and is authorized and entitled to enforce the note in the name of the servicer for Fannie Mae's benefit.
>
> • If the note is held by a document custodian on Fannie Mae's behalf, the custodian also has possession of the note on behalf of the servicer so that the servicer has constructive possession of the note and the servicer shall be the holder of the note and is authorized and entitled to enforce the note in the name of the servicer for Fannie Mae's benefit.

Announcement 08-12; accord Fannie Mae 2011 Servicing Guide, Part I §202.07.02.[5]

Thus, if anyone other than the servicer was designated as creditor, that would be likely to confuse the borrower. Because the loan servicer is entitled to collect the debt, it is properly designated as creditor. See generally Gomez v. GMAC Mortg., LLC, Nos. 10-13287, 10-13288, 10-13442, 2010 U.S. Dist. Lexis 140626, 2010 WL 5625673, at *3 (E.D. Mich. Dec. 15,

---

[5] This information is publicly available at https://www.efanniemae.com/sf/guides/ssg/annltrs/pdf/2008/0812.pdf, and https://www.efanniemae.com/sf/guides/ssg/svcg/svc061011.pdf.

2010) (From the mortgage documents provided by GMAC, it is apparent that Amera was the mortgage originator, GMAC was the mortgage servicer, and MERS was the mortgagee, which means that these Defendants are creditors, not debt collectors."). Indeed, Green Tree's status as record beneficiary, pursuant to the recorded assignment (and as holder of the promissory note), establishes it as a proper creditor. Id., see also Lettenmaier v. Fed. Home Loan Mortg. Corp., 2011 U.S. Dist. Lexis 88277, 39-40 (D. Or. Aug. 8, 2011) ("In deeds of trust appointing MERS as a lender's nominee, "MERS becomes the mortgagee of record [and] is listed as the grantee in the official records maintained at county register of deeds offices." Rinegard-Guirma v. Bank of Am. Nat. Ass'n, No. CV-10-1065-PK, 2010 U.S. Dist. LEXIS 107619, 2010 WL 3945476, at *4 (D. Or. Oct. 6, 2010) (internal quotation omitted). As mortgagee, MERS is essentially the creditor.") (emphasis added); Nicholson v. OneWest Bank, 2010 U.S. Dist. LEXIS 45993, 9-12 (N.D. Ga. Apr. 20, 2010).

**II.  Plaintiffs' claim that S&B misrepresented that the note was unavailable is immaterial, and Plaintiffs fail to articulate how they reasonably relied upon such alleged misrepresentation. If the note was actually available, Plaintiff would be afforded less protection.**

Under Count IV, Plaintiff asserts that S&B misrepresented that the original note was unavailable and therefore violated 15 U.S.C. §1692e. See e.g. Compl. at ¶66. According to Plaintiff, this representation was false, suggesting that the original note was available to Green Tree. Compl. at ¶49.

Unclear is how such "misrepresentation", if true (for purposes of argument), could harm them. With the original note at the time of the letter, as holder or non-holder in possession with rights of holder, see Va. Code §8.3A-301(ii), Green Tree would be entitled to enforce the note, and Plaintiff would not be afforded the the right under Va. Code 55-59.1(B) to seek adequate

protection. Thus, the notice of unavailability afforded Plaintiff greater rights than she would have if the note was available.

Specifically, under Virginia Code §55-59.1(B), where the original promissory note is unavailable, a foreclosure sale may proceed provided that the borrower is notified that the promissory note is lost or for any reason cannot be produced, and the trustee obtains an affidavit from the secured party to that affect. See Va. Code §55-59.1(B)[6].

Under that statute, if the borrower believes that he may be subject to more than one

---

[6] Specifically, Virginia Code §55-59.1(B) provides:

> B. [1] If a note or other evidence of indebtedness secured by a deed of trust is lost or <u>for any reason</u> cannot be produced and [2] the beneficiary submits to the trustee an affidavit to that effect, [3] the trustee may nonetheless proceed to sale, [4] provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee. [5] <u>The notice shall further advise the person required to pay the instrument that if he believes he may be subject to a claim by a person other than the beneficiary to enforce the instrument, he may petition the circuit court of the county or city where the property or some part thereof lies for an order requiring the beneficiary to provide adequate protection against any such claim.</u> [6] If deemed appropriate by the court, the court may condition the sale on a finding that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. [7] Adequate protection may be provided by any reasonable means. [8] If the trustee proceeds to sale, the fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale.

Va. Code § 55-59.1 (alterations added, emphasis added).

claim under the promissory note, she can petition the Court for adequate protection. Absent a request and grant of adequate protection, where an affidavit is furnished to the trustee, Section 55-59.1 provides that "[i]f the trustee proceeds to sale, the fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale." Id. Obviously, in cases where the original note furnished of later obtained prior to the trustee proceeding to sale, an affidavit is not necessary. See generally Horvath, 641 F.3d 617.

Thus, to the extent that Plaintiff complains that she received such notice, then she obtained the opportunity to dispute the GreenTree's right to foreclose if she truly believed that it was not the correct entity, by petitioning the circuit court for adequate protection. Tellingly, Plaintiff never sought such remedy. Nor has she alleged reliance or even the potential of damages from such statement.

Consequently, the alleged "misrepresentation" is neither material, nor would it mislead the borrower in any way. See Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. Wash. 2010) ("false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f."); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009); Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757-59 (7th Cir. 2009); See Holliday v. Virtuoso Sourcing Group, LLC, 2011 U.S. Dist. Lexis 127760, 8-9 (S.D. Ill. Nov. 4, 2011); Albritton v. Sessoms & Rogers, P.A., 2010 U.S. Dist. Lexis 78371, 18-19 (E.D.N.C. Aug. 3, 2010); Diaz v. United Collection Bureau, 2011 U.S. Dist. Lexis 64815 (N.D. Cal. June 16, 2011) ("False but non-material misrepresentations are not likely to mislead the least sophisticated consumer, and therefore are not actionable under the FDCPA.").

In Donohue v. Quick Collect, Inc., the Ninth Circuit, in adopting the materiality standard for alleged false representations under the FDCPA, explained

> In Hahn v. Triumph Partnerships LLC, 557 F.3d 755 (7th Cir. 2009), Chief Judge Easterbrook concluded for a panel of the Seventh Circuit that a false or misleading statement is not actionable under § 1692e unless it is material. With reasoning that we consider persuasive, Chief Judge Easterbrook observed that "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement." Id. at 757 (citing Carter v. United States, 530 U.S. 255, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000); Neder v. United States, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)). There is no "reason why materiality should not equally be required in an action based on § 1692e." Id. The purpose of the FDCPA, "to provide information that helps consumers to choose intelligently," would not be furthered by creating liability as to immaterial information because "by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." Id. at 757-58. The Seventh Circuit framed materiality as a corollary to the well-established proposition that "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]--even if it is false in some technical sense." Id. at 758 (quoting Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 646 (7th Cir. 2009) (alterations in original)). Thus, "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." Id. The Sixth Circuit has reached the same conclusion. See Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009) (concluding that a false but non-material statement is not actionable under § 1692e).

Donohue v. Quick Collect, Inc., 592 F.3d 1027, 103. Thus, even if the note was available, the alleged statement that the note was unavailable is immaterial, and in fact afforded the borrower greater rights that she would otherwise have. Accordingly, Plaintiff has no claim under the FDCPA, and Count IV should be dismissed.

III. **Plaintiff's claim that S&B "falsely" represented that Green Tree was the beneficiary of the Deed of Trust is belied by the recorded assignment attached hereto as Exhibit A and by its status as holder of the note. Moreover such representation is immaterial.**

As an initial matter, because Green Tree is entitled to foreclose as noteholder and loan servicer, any claim that it S&B "falsely" identified it as beneficiary, is immaterial, for the reasons discussed in part II, herein.

Here, not only is Green Tree the holder and loan servicer, it is the record beneficiary under the Deed of Trust pursuant to the assignment, see Ex. A. Thus, as record beneficiary, Green Tree was properly designated as such. See Va. Code §55-66.01 ("Nothing in this statute shall imply that recordation of the instrument of assignment or a certificate of transfer is necessary in order to transfer to an assignee the benefit of the security provided by the deed of trust, mortgage or vendor's lien.") (Emphasis added)); Tapia v. United States Bank, N.A., 718 F. Supp. 2d 689, 696-97 (E.D. Va. 2010), aff'd per curium at Appeal No. 10-1856, 2011 U.S. App. Lexis 15845 (4th Cir. August 1, 2011).

Specifically, in Tapia, the borrowers challenged a foreclosure initiated by MERS, claiming that MERS was not the holder of the monetary obligations secured by the deed of trust. See id. at n. 21. In that case, which involved a deed of trust with identical provisions regarding MERS, the Court explained:

> The Court finds this argument unavailing because the Deed of Trust authorized MERS to foreclose the Property in the event that Plaintiffs defaulted on the loan. The Deed of Trust states that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." The Deed of Trust also provides "if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to

> releasing and canceling this Security Instrument." Under the terms of the Deed of Trust, MERS has two roles: beneficiary and nominee for Lender. By signing the Deed of Trust, Plaintiffs agreed that MERS, as nominee for Lender and Lender's successors and assigns, had the right to foreclose the Property and recognized that MERS could take any action required of Lender. Furthermore, Plaintiffs make no legally-supported argument and plead no facts in the Amended Complaint as to why MERS as nominee did not have the right to foreclose and sell the Property in accordance with law or custom. As such, Plaintiffs' allegation that none of Defendants have the authority to enforce the Deed of Trust is untenable.

Id.

Here, in addition to its status as holder and loan servicer, Green Tree as assignee under the recorded assignment, is properly identifiable as beneficiary. Lettenmaier v. Fed. Home Loan Mortg. Corp., 2011 U.S. Dist. Lexis 88277, 39-40 (D. Or. Aug. 8, 2011). Accordingly, Count V should be dismissed.[7]

WHEREFORE, S&B respectfully requests that Counts III, IV, and V of the Complaint be dismissed as to it, that it be awarded its fees in the action, and for such other relief as may be just and proper.

---

[7] Virginia law also recognizes that another form of assignment of those rights is by endorsement of the note. See Va. Code §55-66.01 (permitting assignment of the debt to be recorded, at the option of the parties to such assignment, and providing [f]or purposes of this statute, the word "assigned" shall include endorsed, pledged, hypothecated or otherwise transferred. . . .") (Emphasis added). Thus, as holder of the note, Green Tree was properly designated as beneficiary. The complaint fails to allege that Green Tree was not the holder, or otherwise plead who the holder was. Rather it speaks in terms of owner, which is insufficient to state a cause of action.

Respectfully Submitted,
**SHAPIRO & BURSON, LLP**
By Counsel

By: /s/ Bizhan Beiramee
Bizhan Beiramee, Esq., (VSB # 50918)
Bizhan Beiramee, Esq., P.C.
6663 B Old Dominion Drive,
Third Floor
McLean, Virginia 22101
Phone: (703) 483-9600; Fax: (703) 483-9599
Email: bbeiramee@beiramee.com
*Counsel for the Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Matthew J. Erausquin, Esq.
>Leonard A. Bennett, Esq.
>Susan M. Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES P.C
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>Phone: (703) 273-7770; Fax: (888) 892-3512
>matt@clalegal.com
>lenbennett@clalegal.com
>srotkis@clalegal.com
>Counsel for the Plaintiffs
>
>Dale W. Pittman, Esq.
>THE LAW OFFICE OF DALE W. PITTMAN, P.C.,
>The Eliza Spotswood House
>112-A West Tabb Street
>Petersburg, VA 23803
>Tel: (804) 861-6000; Fax: (804) 861-3368
>dale@pittmanlawoffice.com
>Counsel for the Plaintiffs
>
>Scott A. Surovell, Esq.
>SUROVELL, ISSACS, PETERSEN & LEVY, PLC
>4010 University Drive, Suite 200
>Fairfax, VA 22030
>Tel: (703) 277-9774; Fax: (703) 591-9285
>kkelly@siplfirm.com
>Counsel for the Plaintiffs

By: /s/ Bizhan Beiramee_____
     Bizhan Beiramee