

3900 Wisconsin Avenue, NW
Washington, DC 20016-2892

Announcement 08-12             May 23, 2008

*Amends these Guides: Servicing*

*Note Holder Status for Legal Proceedings Conducted in the Servicer's Name*

## Introduction

Currently, the Fannie Mae *Servicing Guide* grants servicers, acting in their own names, the authority to represent Fannie Mae's interests in foreclosure proceedings as holder of the mortgage note. With this Announcement, Fannie Mae is clarifying that the ability of the servicer to represent Fannie Mae's interests as holder of the mortgage note also applies to bankruptcy, probate, and other legal proceedings. In order to more fully describe Fannie Mae's policies with regard to the servicer's note holder status, a new section of the Servicing Guide has been created and is outlined below.

## New *Servicing Guide* Section

*Servicing Guide,* **Part I, Chapter 2, Section 202.06, Note Holder Status for Legal Proceedings Conducted in the Servicer's Name**

Fannie Mae is at all times the owner of the mortgage note, whether the note is in Fannie Mae's portfolio or whether owned as trustee, for example, as trustee for an MBS trust. In addition, Fannie Mae at all times has possession of and is the holder of the mortgage note, except in the limited circumstances expressly described below. Fannie Mae may have direct possession of the note or a custodian may have custody of the note. If Fannie Mae possesses the note through a document custodian, the document custodian has custody of the note for Fannie Mae's exclusive use and benefit.

**Temporary Possession by the Servicer**
In order to ensure that a servicer is able to perform the services and duties incident to the servicing of the mortgage loan, Fannie Mae temporarily gives the servicer possession of the mortgage note whenever the servicer, acting in its own name, represents Fannie Mae's interests in

- foreclosure actions,
- bankruptcy cases,
- probate proceedings, or
- other legal proceedings.

This temporary transfer of possession occurs automatically and immediately upon the commencement of the servicer's representation, in its name, of our interests in the foreclosure, bankruptcy, probate, or other legal proceeding. When Fannie Mae transfers possession, the servicer becomes the holder of the note as follows:

- If a note is held at Fannie Mae's document delivery facility, Fannie Mae has possession of the note on behalf of the servicer so that the servicer has constructive possession of the note and the servicer shall be the holder of the note and is authorized and entitled to enforce the note in the name of the servicer for Fannie Mae's benefit.
- If the note is held by a document custodian on Fannie Mae's behalf, the custodian also has possession of the note on behalf of the servicer so that the servicer has constructive possession of the note and the servicer shall be the holder of the note and is authorized and entitled to enforce the note in the name of the servicer for Fannie Mae's benefit.

**Physical Possession of the Note by the Servicer**
In most cases, a servicer will have a copy of the mortgage note. If a servicer determines that it needs physical possession of the original note to represent Fannie Mae's interests in a foreclosure, bankruptcy, probate, or other legal proceeding, the servicer may obtain physical possession of the original note.

If Fannie Mae's possession of the original note is direct because the custody documents are at its document delivery facility, the servicer should submit a request to obtain the original note and any other custody documents that are needed to the Custody Department through the Loan Document Request System (LDRS) on Fannie Mae's Web site (www.efanniemae.com).

If Fannie Mae possesses the original note through a third party document custodian that has custody of the note, the servicer should submit a *Request for Release/Return of Documents* (Form 2009) to Fannie Mae's custodian to obtain the note and any other custody documents that are needed.

In either case, the servicer should specify whether the original note is required or whether the request is for a copy.

**Reversion of Possession to Fannie Mae**
At the conclusion of the servicer's representation of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding, or upon the servicer ceasing to service the loan for any reason, possession automatically reverts to Fannie Mae, and Fannie Mae resumes being the holder, just as it was before the foreclosure, bankruptcy, probate, or other legal proceeding. If the servicer has obtained physical possession of the original note, it must be returned to Fannie Mae or the document custodian, as applicable. The temporary transfer of possession, and any reversion of possession to Fannie Mae, are evidenced and memorialized by this Section of the *Guide*. This *Guide* provision may be relied upon by a Court to establish that the servicer conducting the foreclosure, bankruptcy, probate, or other legal proceeding in its name has possession, and is the holder, of the note during the foreclosure, bankruptcy, probate, or other legal proceeding, unless the Court is otherwise notified by Fannie Mae.

## Revised *Servicing Guide* Section

Fannie Mae is amending the existing *Servicing Guide* section that currently references the note holder provision for foreclosures. Pertinent information from this section has been removed and incorporated into the new section above. The revised section that follows replaces in its entirety the existing section in the *Servicing Guide* and servicers should refer to this Announcement regarding this topic until the Servicing Guide is updated at a future date.

*Servicing Guide,* **Part VIII, Chapter 1, Section 102: Initiation of Foreclosure Proceedings**

**Foreclosure Proceedings for First Mortgage Loans**
Foreclosure proceedings for a first mortgage can begin whenever at least three full monthly installments are past due. Foreclosure proceedings may begin at once for any mortgage if the borrower is not eligible for relief from foreclosure under the Soldiers' and Servicemembers Civil Relief Act (or any state law that similarly restricts the right to foreclose) and the property has been abandoned or vacated by the borrower and it is apparent that the borrower does not intend to make the mortgage payments. In addition, foreclosure proceedings for any mortgage may be started immediately if

- the borrower was advised in writing of the relief provisions that were available and his or her written response indicated a lack of interest in fulfilling the mortgage obligation (or gave permission for the commencement of foreclosure proceedings, if the borrower was subject to the provisions of the Servicemembers Civil Relief Act or any state law that similarly restricts the right to foreclose); or

- income from rental of the property is not being applied to the mortgage payments and arrangements cannot be made to apply it, and it has been established that the borrower is not eligible for relief under the Servicemembers Civil Relief Act or any state law that similarly restricts the right to foreclose. (Refer to Part III, Chapter 1, Exhibit 1 for additional information.)

Fannie Mae requires a servicer to contact its servicing consultant, portfolio manager, or Fannie Mae's Servicing Solutions Center before it initiates foreclosure proceedings for an eMortgage. If the security property is located in a state in which there are Fannie Mae-retained attorneys (or trustees), the servicer must use one of the firms we have retained for the state. If there are not any Fannie Mae-retained attorneys (or trustees) designated for the state in which the security property is located, the servicer may retain its own attorney, but Fannie Mae will require that attorney to work closely with an attorney that Fannie Mae designates.

### Foreclosure Proceedings for Second Mortgages

Foreclosure proceedings for a second mortgage can begin when at least two full monthly installments are past due. As long as the servicer has complied with the requirements of the Servicemembers Civil Relief Act (if applicable) and any state law that restricts the right to foreclose, it can start foreclosure proceedings for a second mortgage immediately if the first mortgage is in default and the second mortgage instrument includes a provision that the second mortgage will be considered in default, regardless of the status of its payments, if the first mortgage is in default.

### Physical Possession of the Note by the Servicer

In most cases, a servicer will have a copy of the mortgage note that it can use to begin the foreclosure process. However, some jurisdictions require that the servicer produce the original note before or shortly after initiating foreclosure proceedings.

If Fannie Mae's possession of the note is direct because the custody documents are at the document delivery facility, to obtain the note and any other custody documents that are needed, the servicer should submit a request to the Custody Department through the Loan Document Request System (LDRS) on Fannie Mae's Web site (www.efanniemae.com).

If Fannie Mae possesses the note through a document custodian that has custody of those documents, to obtain the note and any other custody documents that are needed, the servicer should submit a *Request for Release/Return of Documents* (Form 2009) to Fannie Mae's custodian.

In either case, the servicer should specify whether the original note is required or whether the request is for a copy.

## Effective Date

The changes outlined in this Announcement are effective immediately.

\* \* \* \* \*

Servicers should contact their Servicing Consultant, Portfolio Manager, or Fannie Mae's National Servicing Organization's Servicing Solutions Center at 1-888-326-6438 if they have questions about Announcement 08-12.

Michael A. Quinn
Senior Vice President
Single-Family Risk Officer