**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SANDRA WATERS-LEVY**, | * |
| | * |
| Plaintiff, | * |
| v. | * Civil Action No: 1:11-cv-1192 |
| | * |
| **LAW OFFICES OF** | * |
| **SHAPIRO & BURSON, LLP** | * |
| | * |
| Defendants. | * |

**S&B'S ANSWER TO COUNTS I AND II OF THE COMPLAINT**

Defendant Shapiro & Burson, LLP ("S&B") hereby answers Counts I and II of the Complaint filed by Plaintiff Sandra Waters-Levy as follows:[1]

1. The allegations of paragraph 1 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

2. The allegations of paragraph 2 constitute a legal opinion, and no response is required.

3. S&B has insufficient information to admit or deny the allegations of paragraph 3, and therefore denies same.

4. S&B admits only that it is a law firm with offices in Fairfax and Virginia Beach, the Virginia Beach office having an address of 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462. As to the remaining allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

5. S&B admits only that pursuant to Virginia law, it sends notices to the borrower

---

[1] S&B has contemporaneously filed a motion to dismiss pursuant to F.R.Civ. P. 12(b)(6) as to Counts III, IV and V.

(and borrower's counsel) as required by state law through the mail in connection with the requirements for non-judicial foreclosure sale. As to the remaining allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

6. The allegations of paragraph 6 references a document(s), which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

7. The allegations of paragraph 7 references a document(s), which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

8. S&B has insufficient information to admit or deny the allegations of paragraph 8, and therefore denies same.

9. S&B has insufficient information to admit or deny the allegations of paragraph 9, and therefore denies same.

10. The allegations of paragraph 10 references a document(s), which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. S&B has insufficient information to admit or deny the balance of the allegations, and therefore denies same.

11. The allegations of paragraph 11 references a document(s), which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content,

they are denied. As to the remaining allegations concerning the requirements of the deed of trust, such allegations constitute a legal opinion or statement of law, and no response is required. S&B has insufficient information to admit or deny the balance of the allegations, and therefore denies same.

12. To the extent that the allegations of paragraph 13 references a servicing agreement, such document speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied. S&B affirmatively states that Green Tree Servicing, LLC handled loan servicing functions in connection with Plaintiff's loan.

13. S&B has insufficient information to admit or deny the allegations of paragraph 13, and therefore denies same.

14. S&B has insufficient information to admit or deny the allegations of paragraph 14, and therefore denies same.

15. S&B admits only that it is a law firm. As to the remaining allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

16. The allegations of paragraph 16 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

17. As to the allegations of paragraph 17, S&B admits only that pursuant to Virginia law, it sends notices to the borrower (and borrower's counsel) as required by state law through the mail in connection with the requirements for non-judicial foreclosure sale, and provides

reinstatement figures to borrowers. As to balance of the allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

18. The allegations of paragraph 18 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required.

19. The allegations of paragraph 19 constitute a legal opinion or statement of law, and no response is required. S&B admits only that if a borrower requests verification of a debt, it will provide such verification, as appropriate.

20. The allegations of paragraph 20 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied. S&B admits only that it sent Exhibit A to Plaintiff.

21. The allegations of paragraph 21 constitute legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied. S&B has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

22. In response to the allegations set forth in paragraph 22, S&B admits only that Plaintiff was in default of her payment obligations under the loan. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required. To the

extent the allegations are contrary to the law, they are denied.

23. The allegations of paragraph 23 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required. To the extent the allegations are contrary to the law, they are denied. If a response is required, the allegations are denied.

24. The allegations of paragraph 24 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate or are contrary to the law, they are denied.

25. The allegations of paragraph 25 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

26. The allegations of paragraph 26 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

27. The allegations of paragraph 27 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

28. The allegations of paragraph 28 constitute a legal opinion or statement of law,

and no response is required. If a response is required, the allegations are denied.

29. The allegations of paragraph 29 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

30. The allegations of paragraph 30 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

31. The allegations of paragraph 31 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

32. The allegations of paragraph 32 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, or legal import, they are denied.

33. The allegations of paragraph 33 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, or legal import, they are denied.

34. The allegations of paragraph 34 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

35. The allegations of paragraph 35 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

36. The allegations of paragraph 36 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

37. The allegations of paragraph 37 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the balance of allegations, such allegations are denied.

38. The allegations of paragraph 38 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

39. S&B denies the allegations set forth in paragraph 39.

40. S&B denies the allegations set forth in paragraph 40.

41. S&B denies the allegations set forth in paragraph 41.

42. S&B denies the allegations set forth in paragraph 42.

43. S&B denies the allegations set forth in paragraph 43.

44. The allegations of paragraph 44 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

45.   S&B denies the allegations set forth in paragraph 45.

46.   S&B denies the allegations set forth in paragraph 46.  S&B Affirmatively states that notice of an assignment of deed of trust dated February 22, 2010, in favor of Green Tree Servicing LLC was recorded on March 26, 2010, at Deed Book Page 20971, Page 1906 in the land records of Fairfax County, Virginia.

47.   S&B denies the allegations set forth in paragraph 47.

48.   The allegations of paragraph 48 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

49.   S&B denies the allegations set forth in paragraph 49.

50.   The allegations of paragraph 50 constitute a legal opinion or statement of law, and no response is required.  To the extent the allegations misstate, misconstrue, or are contrary to the law, they are denied. S&B affirmatively states that the recitation of the statute is incomplete.

51.   The allegations of paragraph 51 constitute a legal opinion or statement of law, and no response is required.  To the extent the allegations misstate, misconstrue, or are contrary to the law, they are denied.  S&B affirmatively states that Virginia Code §55-59.1(B) provides does not require an affidavit to be furnished to the trustee, until and unless the trustee proceeds to sale, and the promissory note or evidence of indebtedness is unavailable at that time, that the trustee never proceeded to sell the property, and that S&B is not the trustee.  Notwithstanding the foregoing S&B obtained the original note on or about December 21, 2010.

52.   The allegations of paragraph 51 constitute a legal opinion or statement of law,

and no response is required. To the extent the allegations misstate, misconstrue, or are contrary to the law, they are denied. S&B affirmatively states that Virginia Code §55-59.1(B) provides does not require an affidavit to be furnished to the trustee, until and unless the trustee proceeds to sale, and the promissory note or evidence of indebtedness is unavailable at that time, that the trustee never proceeded to sell the property, and that S&B is not the trustee. Notwithstanding the foregoing, S&B obtained the original note on or about December 21, 2010.

53. The allegations of paragraph 53 are admitted.

54. The allegations of paragraph 54 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, or legal import, they are denied.

55. The allegations of paragraph 55 are denied.

## COUNT I

56. The allegations of paragraph 56 do not require a response. To the extent that a response is required, S&B incorporates by reference its response to each of the referenced allegations.

57. The allegations of paragraph 57 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate, misconstrue, or are contrary to the law, they are denied.

58. The allegations of paragraph 58 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate, misconstrue, or are contrary to the law, they are denied.

## COUNT II

59. The allegations of paragraph 59 do not require a response. To the extent that a response is required, S&B incorporates by reference its response to each of the referenced allegations.

60. The allegations of paragraph 60 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate, misconstrue, or are contrary to the law, they are denied.

61. The allegations of paragraph 61 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate, misconstrue, or are contrary to the law, they are denied

62. All allegations that are not expressly admitted are hereby denied, and as to all allegations denied, strict proof is hereby demanded.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action for which relief may be granted as a matter of law.

2. Plaintiff's claims, on information and belief, are barred under the doctrine of accord and satisfaction in connection, and/or release, including accord and/or release under Plaintiff's modification agreement under the loan.

3. S&B's only role involves representing lenders and/or the substitute trustee in connection with the enforcement of deeds of trust, and related litigation with respect to such security interests, and therefore is excluded from the definition of "debt collector."

4. Plaintiff has no damages; she disputed the debt through counsel in writing, and entered into a modification agreement under the loan.

  5. Plaintiffs' claims are barred by waiver, laches, and/or estoppel.

  6. Virginia Code §55-59.1(B) provides does not require an affidavit to be furnished to the trustee, until and unless the trustee proceeds to sale, and the promissory note or evidence of indebtedness is unavailable at that time, that the trustee never proceeded to sell the property, and that S&B is not the trustee. Notwithstanding the foregoing S&B obtained the original note on or about December 21, 2010.

  7. Notice of an assignment of deed of trust dated February 22, 2010, in favor of Green Tree Servicing LLC was recorded on March 26, 2010, at Deed Book Page 20971, Page 1906 in the land records of Fairfax County, Virginia.

  8. S&B avers that at all times its conduct was neither willful, wanton, or reckless, and at all times S&B acted innocently, in good faith, and without malice or intent to injure Plaintiff.

  9. Any violation of any federal or state statute or common law duty by S&B, if any, was unintentional or the result of a bona-fide error notwithstanding the maintenance of policies and procedures reasonably adapted to avoid such error.

  10. S&B avers that the availability of statutory damages, if any, are limited to a single recovery under 15 U.S.C. §1692k(a) for the entire proceeding, not per alleged violation.

  11. S&B reserves the right to assert any additional or other defenses that may become available, through discovery or at the trial of this matter.

  WHEREFORE, having answered, S&B respectfully requests that these Counts of the Complaint be dismissed as to it, that it be awarded its fees in the action, and for such other relief as may be just and proper.

                Respectfully Submitted,

**SHAPIRO & BURSON, LLP**
By Counsel

By:     /s/ Bizhan Beiramee_____
Bizhan Beiramee, Esq., (VSB # 50918)
Bizhan Beiramee, Esq., P.C.
6663 B Old Dominion Drive,
Third Floor
McLean, Virginia 22101
Phone: (703) 483-9600; Fax: (703) 483-9599
Email: bbeiramee@beiramee.com
*Counsel for the Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Matthew J. Erausquin, Esq.
>Leonard A. Bennett, Esq.
>Susan M. Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES P.C
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>Phone: (703) 273-7770; Fax: (888) 892-3512
>matt@clalegal.com
>lenbennett@clalegal.com
>srotkis@clalegal.com
>Counsel for the Plaintiffs
>
>Dale W. Pittman, Esq.
>THE LAW OFFICE OF DALE W. PITTMAN, P.C.,
>The Eliza Spotswood House
>112-A West Tabb Street
>Petersburg, VA 23803
>Tel: (804) 861-6000; Fax: (804) 861-3368
>dale@pittmanlawoffice.com
>Counsel for the Plaintiffs
>
>Kristi C. Kelley, Esq.,
>Scott A. Surovell, Esq.
>SUROVELL, ISSACS, PETERSEN & LEVY, PLC
>4010 University Drive, Suite 200
>Fairfax, VA 22030
>Tel: (703) 277-9774; Fax: (703) 591-9285
>kkelly@siplfirm.com
>Counsel for the Plaintiffs

By: /s/ Bizhan Beiramee_____
Bizhan Beiramee

4811-9037-5182, v. 1